UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND,

    Plaintiff,

v.

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

Case No. 1:19-cv-523

HON. JANET T. NEFF

## OPINION AND ORDER

Two matters are pending before the Court in this prisoner civil rights action: objections filed by Defendant Corizon Health, Inc. (ECF No. 53) and Plaintiff (ECF No. 54) to the Magistrate Judge's Report and Recommendation (R&R) (ECF No. 52); and Plaintiff's appeal (ECF No. 39) from a pretrial Order of the Magistrate Judge (ECF No. 38). For the following reasons, the Court denies the objections, denies the appeal, and issues this Opinion and Order.

### I. BACKGROUND

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a Complaint pursuant to 42 U.S.C. § 1983 against Corizon Health, Inc. (Corizon) and several individual medical providers, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and violated his right to equal protection under the Fourteenth Amendment. The claims remaining in this case are: (1) an Eighth Amendment claim against Corizon and Margaret Ouellette for failure to treat Plaintiff's back pain; and (2) Eighth

Amendment and equal protection claims against Corizon and Ricky J. Coleman concerning the denial of care for Plaintiff's hepatitis C (Op. & Order, ECF No. 9 at PageID.65-66).

On September 16, 2020, Defendants Corizon and Oulette moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies (ECF No. 26), a motion in which Defendant Coleman subsequently joined (ECF No. 46). Pursuant to the Case Management Order (CMO) in this case, "[i]f any defendant files a summary judgment motion raising only failure to exhaust remedies, a period of 45 days will be allowed for plaintiff's discovery, limited to the exhaustion issue only" (ECF No. 15 at PageID.79). "Plaintiff's response to the motion will be due 28 days after the close of this limited discovery period" (*id.*).

On October 21, 2020, Plaintiff filed a motion to stay the case pending his receipt of documents reflecting his grievance history (ECF No. 33). On November 13, 2019, Defendants filed a "Certificate of Service of Discovery" (ECF No. 36). On December 16, 2019, the Magistrate Judge denied Plaintiff's motion for a stay, noting that Plaintiff had filed neither a discovery motion nor a timely response to Defendants' motion for summary judgment (Order, ECF No. 38 at PageID.231). However, the Magistrate Judge gave Plaintiff an additional 14-day period in which to respond to Defendants' exhaustion motion (*id.*).

On January 6, 2020, Plaintiff filed an appeal from the Magistrate Judge's Order (ECF No. 39). Plaintiff also filed a Motion to Compel Requested Production of Documents (ECF No. 40), seeking certain "missing pages" from Defendants' production (*id.* at PageID.243).

On February 11, 2020, the Magistrate Judge denied Plaintiff's motion to compel, noting that Plaintiff could obtain the requested production from the MDOC and that "most of the documents Plaintiff sought in his discovery request are already in the record" (ECF No. 48 at

PageID.284). Plaintiff subsequently filed a response/declaration to Defendants' exhaustion motion (ECF Nos. 49-50).

On March 3, 2020, the Magistrate Judge issued a Report and Recommendation (ECF No. 52), recommending that this Court grant in part and deny in part Defendants' exhaustion motion. Defendant Corizon and Plaintiff both objected to the Report and Recommendation (ECF No. 53 & 54).

## II. ANALYSIS

### A. Objections to Report and Recommendation

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

1. Defendant Corizon's Objections

Defendant Corizon's objections concern the Magistrate Judge's analysis of two grievances: Grievance LCF-2017-12-1038-28e (Grievance 1038) and Grievance LCF-18-06-0549-28C (Grievance 0549).

   a. Grievance 1038

In its brief in support of its exhaustion motion, Defendant Corizon included a table of the four grievances that Defendant Corizon found Plaintiff had filed through each step of the MDOC's three-step grievance procedure (ECF No. 26 at PageID.131). Defendant Corizon indicated in the table that Defendant Corizon was named in Grievance 1038 for the issue "Denial of adequate treatment for back pain" (*id.*). Additionally, at a subsequent point in its brief, Defendant Corizon

discussed Grievance 1038, reiterating that Grievance 1038 was "against Defendant" and that Grievance 1038 alleges "non-defendant Tamara Kelley, N.P. and Corizon denied him adequate treatment for ongoing concern with back pain" (*id.* at PageID.133). Defendant Corizon argued that Grievance 1038 did not exhaust Plaintiff's claim because it was rejected as untimely at Step III (*id.* at PageID.134).

In her Report and Recommendation, the Magistrate Judge noted that based on her review, Grievance 1038 was "actually directed at nondefendant NP Tammy Kelley and not Corizon" (R&R, ECF No. 52 at PageID.331, n.3) (citing Grievance 1038, ECF No. 26-1 at PageID.161). The Magistrate Judge opined that "[w]hile Plaintiff did mention Corizon, he did so only because Kelley was a 'Corizon medical provider' who was 'willfully neglecting a patient'" (*id.*). However, the Magistrate Judge indicated that she would, "for purposes of this motion, accept Corizon's characterization of the grievance" (*id.*). The Magistrate Judge ultimately rejected Corizon's argument that Grievance 1038 did not exhaust Plaintiff's claim; instead, "[b]ased on Plaintiff's statement in his declaration that his February 2018 expedited legal mail form would have shown that Plaintiff's Step III appeal was timely filed," the Magistrate Judge concluded that "an issue of fact remains as to whether Plaintiff properly exhausted the 1038 Grievance" (*id.* at PageID.332).

Now, for the first time, Defendant Corizon opines that Grievance 1038 does *not* include Corizon as a named complainant and that its characterizations of Grievance 1038 in its motion brief were "mistaken" (Objs., ECF No. 54 at PageID.337).

Defendant Corizon's "objection" to the Report and Recommendation is misplaced. That Defendant Corizon now advances a position inconsistent with the positions taken in its original motion briefing does not reveal any error by the Magistrate Judge in accepting Corizon's original position. The objection will therefore be denied.

4

      b.  Grievance 0549

Second, Defendant Corizon objects to the Magistrate Judge's determination that Plaintiff properly exhausted the claim presented in Grievance 0549 against Corizon. The Magistrate Judge concluded that like the grievance in *LaFountain v. Martin*, 334 F. App'x 738 (6th Cir. 2009) (per curiam), which the Sixth Circuit found was improperly rejected for raising multiple unrelated issues, the MDOC improperly rejected Grievance 0549 in this case where the "sole issue Plaintiff raised was Corizon's failure to send him back to the neurologist for his six week follow-up appointment" (R&R, ECF No. 52 at PageID.333).

Corizon argues that *LaFountain* is instead "quite distinguishable" from the matter at bar (Objs., ECF No. 53 at PageID.338). According to Defendant Corizon, the Sixth Circuit's conclusion in *LaFountain* that the plaintiff's grievance did not raise multiple unrelated issues "was based on the finding that the plaintiff in that case asserted a retaliation claim, and in that grievance described the effects of the alleged retaliation which included being robbed and accosted" (*id.* at PageID.338-339). Defendant Corizon also emphasizes that while the allegations in Grievance 0549 "may seem related," the allegations involve other individuals that would "require investigations into each issue" (*id.* at PageID.339).

Defendant Corizon's objection lacks merit.

In *LaFountain*, 334 F. App'x at 741, the Sixth Circuit held that "as a matter of law, [the relevant grievance] did not raise multiple unrelated issues." Rather, the prisoner had presented one issue, to wit: whether "[the employee] had retaliated against [the plaintiff] for having filed grievances by labeling him a snitch and a sexual predator in order to motivate the other prisoners to take hostile action against him." *Id.* The Sixth Circuit held that being accosted in the bathroom and having his cell robbed were "merely the harm he suffered as a result of the alleged retaliation."

*Id.* Accordingly, the Sixth Circuit held that the district court had erred in granting summary judgment on the basis of exhaustion. *Id.* at 742.

Contrary to Defendant Corizon's argument, this Court, like other districts courts, does not read the holding in *LaFountain* as limited to retaliation claims. *See, e.g., Cheatham v. Haye*, No. 2:19-cv-10480, 2020 WL 3481645, at *4 (E.D. Mich. June 26, 2020) (Eighth Amendment claim) (following *LaFountain* and holding that the prisoner's grievance raised one claim—that he was denied prescribed care in the wake of his oral surgery—and that the issues of the prisoner being denied medication and a mechanical diet were not "unrelated" but involved the course of post-surgery care); *McDuff v. Addis*, No. 1:17-cv-912, 2018 WL 3239491, at *3-4 (W.D. Mich. July 3, 2018) (Eighth Amendment claim) (following *LaFountain* and holding that the prisoner's grievance "raised four events pertaining to a single issue"). "A prisoner does not run afoul of MDOC's 'unrelated issue' rule by reporting facts that bear directly on or arise out of a single claimed constitutional violation." *McDuff, supra* at *4. Additionally, Defendant Corizon does not present authority for the proposition that the prospect of separate factual investigations, even if warranted by Plaintiff's single claim, is a proper basis for rejecting the grievance. In short, this objection is also properly denied.

2. Plaintiff's Objection

Plaintiff poses a single challenge to the Report and Recommendation, arguing that the Magistrate Judge erred in determining that he had not exhausted his hepatitis C-based claims (ECF No. 54 at PageID.341-342). According to Plaintiff, his hepatitis C-based claims are exhausted either because (1) the "grievance category was changed from 12(D1) to 28(E)," or (2) another grievance he filed was "destroyed/lost" (*id.* at PageID.342).

Plaintiff's objection does not reveal any factual or legal error by the Magistrate Judge. As Defendants point out in their response to Plaintiff's objection, Plaintiff references Grievance SRF-2016-09-1493-12D1, which was not argued in their exhaustion motion or mentioned in the Report and Recommendation because, although it does grieve the issue of Plaintiff's hepatitis C, the grievance does not name either Corizon or Coleman (ECF No. 57 at PageID.369-370) (citing 26-1 at PageID.148). Further, as Defendants also point out, "any assertion of additional grievances being pursued are not within the record evidence before the Court, and the time has since passed for Plaintiff to request time to locate additional records" (*id.* at PageID.370).

Having denied the objections, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

### B.   Appeal from Magistrate Judge Order

This Court will reverse a non-dispositive order of the Magistrate Judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).

In his appeal from the Magistrate Judge's order denying his requested stay, Plaintiff first asserts that the Magistrate Judge erred in indicating that "Defendants have not responded to Plaintiff's motion" (ECF No. 39 at PageID.232). Plaintiff's assertion lacks merit. The Magistrate Judge was referencing the motion before her—Plaintiff's motion for a stay (ECF No. 33)—to which the docket confirms Defendants did not file any response.

Second, Plaintiff asserts that he has "not engaged in any dilatory tactics to evade responding to defendants['] summary judgment motion" and opines that "summary judgment should be stayed until after disclosure has been forwarded to plaintiff" (ECF No. 39 at PageID.234). Even assuming arguendo that the issue presented by Plaintiff's appeal is not

7

rendered moot by this Court's adoption of the Magistrate Judge's recommendation to grant in part and deny in part Defendants' motion for summary judgment, Plaintiff's mere disagreement with the Magistrate Judge's Order fails to demonstrate that the Order is either clearly erroneous or contrary to law.  The appeal is therefore properly denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 53 & 54) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 52) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based Solely on the Failure to Exhaust Administrative Remedies (ECF Nos. 26 & 46) is GRANTED IN PART and DENIED IN PART.  Specifically, Defendants' motion is granted with regard to the hepatitis C-based claims against Defendants Corizon and Coleman; granted with regard to the back-pain claim against Defendant Ouellette, which is dismissed without prejudice; and denied as to the back-pain claim against Corizon.  Defendants Coleman and Ouellette are TERMINATED from this case.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 39) from the Magistrate Judge's Order (ECF No. 38) is DENIED.

Dated:  September 1, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge